W. L. JACKSON, EXECUTOR, *v.* BEATRICE DUNBAR ET AL.

1. PLEADING. *Joint lease. Suit by surviving lessors.*
   On the death of one of several joint payees in a lease, the right to sue thereon for rent vests in the survivors.

2. SAME. *Misjoinder. Failure to object. Code* 1880, § 1511.
   Where a recovery is had in the name of the proper parties, it is an immaterial error that one who had no right of action was joined as plaintiff, the defendant not having objected to the misjoinder as required by § 1511 of the code.

FROM the circuit court of Adams county.

HON. RALPH NORTH, Judge.

On the 12th day of January, 1883, William H., Beatrice, Kate, and Ida Dunbar, leased in writing to M. E. Jackson certain land in Adams county, for the term of six years for a certain rent, which was made payable to the lessors jointly. Afterwards the lessee died, and this suit was brought against W. L. Jackson, the executor of the will, to recover rent claimed to be due. W. H. Dunbar had also died, and this suit was brought in the name of the other three lessors, who were his daughters. Beatrice Dunbar also joined in the suit as guardian of certain grandchildren of the said W. H. Dunbar, who had no interest in the lease.

There was a controversy in the court below as to the quantity of land embraced in the lease, and the amount of rent due. As to this

there was conflicting testimony, and the jury found for the plaintiffs.
Although the guardian of the infant grandchildren of W. H. Dunbar
joined as plaintiffs in the suit, the recovery was in the name of
Beatrice, Kate and Ida Dunbar, the surviving lessors.

On the trial in the court below one witness testified that W. H.
Dunbar was life-tenant of the leased premises, but this did not
otherwise appear in the record. Therefore, in view of this fact
and the statement in the opinion of the court, the argument of
counsel for appellant as to the rights of W. H. Dunbar, the sup-
posed life-tenant, is omitted. As the testimony on the controverted
question of fact was conflicting, and this court refuses to disturb
the verdict, the argument of counsel on such question of fact is also
omitted.

*W. P. & J. B. Harris*, for appellant,

Filed a lengthy brief discussing the facts of the case and ques-
tions of law arising out of the alleged rights of W. H. Dunbar as
life-tenant, but, in view of the opinion of the court, it is not deemed
necessary to give the argument or the authorities cited by counsel.

*J. B. Harris*, of counsel for appellant, argued orally.

*James G. Leach*, for appellees.

1. Defendant gave no notice of the misjoinder of parties plaintiff,
and he cannot now object. Code 1880, § 1511. Besides, the judg-
ment was rendered in favor of the proper parties.

2. (Counsel here discussed the evidence at length, contending
that the judgment was right on the facts.)

*J. G. Leach*, for appellee, made an oral argument.

CAMPBELL, J., delivered the opinion of the court.

The testimony is conflicting, and we are unwilling to disturb the
verdict on the facts.

We agree with the counsel for the appellant as to the legal rights
of a life-tenant and the owners of the expectancy, but in this case
we are not informed by the record as to the precise relation sustained
towards the land by W. H. Dunbar, said to have been life-tenant,
and his three daughters, who with him were payees of the rent.

The father and his three daughters united in making the lease, and the rent was stipulated to be paid to them : why, we do not know, but when W. H. Dunbar died, the right of action on the obligation given to the four for the rent was in the survivors, who recovered a part of the sum sued for in this action. The guardian of the minor children of Adams had no right of action, and was improperly made a complainant, but objection was not made to this in the mode prescribed by law, code, § 1511, and no harm was done by the misjoinder, as the recovery was in the name of the three who had a right of action on the obligation for rent.

*Affirmed.*